UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER BURKE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1749 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

## I.    Introduction

Pending before the Court is the defendant's, Prairie View A&M University, motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) (Docket Entry No. 5).[1] The plaintiff, Jennifer Burke, filed a response (Docket Entry No. 8). After having carefully reviewed the motion, the response, the record and the applicable law, the Court grants the defendant's motion in part, and denies it in part.

## II.   Factual Background

This case concerns the plaintiff's allegations of retaliation, unequal pay and gender discrimination by the public university defendant, her former employer. In December 2003, the plaintiff began working toward tenure as an assistant professor. In the summer of 2004, she took medical leave due to pregnancy complications. After returning to work, she took additional medical leave to address further pregnancy complications from December 7, 2004 until March 28, 2005. On May 6, 2009, the plaintiff was notified that her tenure application had been denied, based on job performance deficiencies in classroom effectiveness and in conducting academic

---

[1] The Court declines the plaintiff's invitation to dismiss the defendant's motion as moot. Despite the fact that the plaintiff subsequently filed an amended complaint, the defendant's motion sufficiently addresses the issues relevant to this Memorandum Opinion and Order.

research, due mainly to extended and excessive absences. The plaintiff appealed the decision to a university committee alleging discrimination, and the university invited her to reapply for tenure in October 2009. However, the plaintiff concluded that certain research expectations outlined in the offer were excessively burdensome. On April 21, 2010, the president of the university denied the plaintiff's final appeal for the renewal of her tenure track appointment. The plaintiff filed the present suit on May 6, 2011, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### III. Contentions of the Parties

#### A. The Plaintiff's Contentions

The plaintiff contends that the defendant discriminated against her based on her gender, her various health problems and her extended medical leave associated with her pregnancy. She believes that this alleged discrimination directly resulted in the unfair denial of her application for a tenured position. Additionally, she maintains that the defendant's administrators and/or employees also denied her application for tenure, and her later appeal, all in retaliation for her complaint of discrimination. Finally, she avers that the defendant manifests its discriminatory animus towards female faculty members via unequal pay and less favorable employment conditions for women, as compared with male employees of similar education and experience. She asserts claims for Title IX[2] retaliation, Family Medical Leave Act ("FMLA")[3] discrimination and retaliation, and Equal Pay Act ("EPA")[4] violations.[5]

---

[2] 20 U.S.C. § 1681, *et seq.*

[3] 29 U.S.C. § 2601, *et seq.*

[4] 29 U.S.C. § 206(d).

[5] The plaintiff originally asserted a claim for Title IX gender discrimination as well, but has since relinquished that claim.

### B.     The Defendant's Contentions

The defendant asks the Court to dismiss all claims pending, except those for Title IX retaliation and "family-care" under the FMLA.  First, the defendant argues that the plaintiff's FMLA "self-care" claim against the defendant does not overcome its Eleventh Amendment immunity.  Second, the defendant argues that the plaintiff has not stated a valid claim for Title IX gender discrimination, because the statute does not provide a private right of action for employment discrimination on the basis of sex in federally-funded educational institutions.  Finally, the defendant argues that the plaintiff has neither stated a plausible claim nor met the heightened pleading standard necessary to establish an EPA violation.

## III.    Standards of Review

### A.     Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction.  "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Because federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *MDPhysicians & Assoc., Inc. v. State Bd.*

*of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.")  In making its ruling, the court may rely on any of the following:  "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

### B. Federal Rule of Civil Procedure 12(b)(6)

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555).  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also, Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## IV. Analysis and Discussion

The Court grants the defendant's motion regarding the plaintiff's EPA claim, and denies the defendant's motion regarding the FMLA self-care claim.

### A. Equal Pay Act Claim

The Court determines that the plaintiff has not stated a plausible claim nor met the heightened pleading standard necessary to establish a viable EPA claim. To establish a *prima facie* case under the EPA, a plaintiff must show that: "[1] her employer is subject to the Act; [2] she performed work in a position requiring equal skill, effort, and responsibility under similar

working conditions; and [3] she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). Here, plaintiff argues that, "upon information and belief, [she] was paid less than fourteen of the male assistant professors in the College of Arts and Sciences." However, in her response to defendant's motion to dismiss, she plainly admits, "[t]he salary and contract status of her former co-workers is not information that is accessible to [her] at this time." As currently pled, she is unable to identify any male comparator who was paid more than herself. Therefore she fails to establish the third element of her *prima facie* case. Without such information, there is simply not enough factual content to state a claim upon which relief can be granted. Therefore, the Court dismisses the plaintiff's EPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

      B.      **FMLA Self-Care Claim**

The Court denies the defendant's motion to dismiss the plaintiff's FMLA self-care claim. The Eleventh Amendment generally immunizes states, and federally-funded education institutions, from suits for money damages. *Lakoski v. James*, 66 F.3d 751, 758 (5th Cir. 1995), cert. denied 519 U.S. 947 (1996) (regarding a Title IX claim). However, under the doctrine of state immunity, "prospective injunctive or declaratory relief against a state is permitted." *Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir. 1988). Here, the plaintiff only seeks as relief reinstatement.

The Court determines that her claim for reinstatement is an acceptable form of prospective relief that may be sought as an exception to Eleventh Amendment immunity. *See Nelson v. University of Texas at Dallas,* 535 F.3d 318, 322 (5th Cir. 2008) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Here, like in *Nelson*, the plaintiff alleges that her termination from her teaching position was in violation of the FMLA self-care provision, and solely seeks

reinstatement. *Nelson*, 535 F.3d 318, 324. The *Nelson* court held, in relevant part, that "based on our precedent and precedent from a majority of the circuits, a request for reinstatement is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law." *Id.* Therefore, the Court denies defendant's motion to dismiss the plaintiff's FMLA self-care claim.[6]

## V. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendant's motion to dismiss with respect to the EPA claim, and DENIES the motion to dismiss with respect to the FMLA self-care claim.

It is so **ORDERED.**

SIGNED at Houston, Texas this 8th day of December, 2011.

_____
Kenneth M. Hoyt
United States District Judge

---

[6] At this juncture, the Court declines to rule on to what level of teaching position the plaintiff is entitled to seek "reinstatement," namely the distinction between a tenured teaching position versus a "tenure-track" position.